THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MORRIS VERSHEURE, Defendant-Appellee.

Third District   No. 3—85—0254

Opinion filed December 30, 1985.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Morris Versheure, was charged by indictment with the offense of unauthorized use of food stamps. The indictment resulted from the defendant's acquisition on three occasions in October 1983 of Federal food stamps from a Rock Island undercover police officer. The instant appeal follows from a dismissal of the indictment for improperly aggregating three separate misdemeanor offenses into a single felony.

The indictment charged the defendant with the Class 4 felony of knowingly and unlawfully acquiring Federal food stamps with a monetary value of less than $1,000 but more than $150 in a manner not authorized by law. (Ill. Rev. Stat. 1983, ch. 23, par. 8A—4.) The indictment charged that the defendant unlawfully acquired $40 in Federal food stamps on October 12, 1983, $91 in Federal food stamps on October 18, 1983, and $63 in Federal food stamps on October 27, 1983, for an accumulated total of $194. Testimony disclosed that David A. Dale, an undercover police officer, solicited and sold the defendant a $40 book of food stamps on October 12, 1983, for a cash price of $15; that Dale negotiated a second and subsequent sale of food stamps to the defendant with a face value of $91 in exchange for an AM-FM console eight-track tape player; and that the third and final sale of food stamps with a face value of $63 was in exchange for a portable black and white TV set from the defendant.

Under the statute, the seriousness of the offense depends on the total amount of money involved. The State could have charged the defendant with three separate Class A misdemeanors. However, the State, relying on the accumulation provision in the statute, attempted to elevate the offenses to a Class 4 felony. The statute which defendant was charged with violating states:

"Any person who knowingly uses, acquires, possesses, or transfers federal food stamps *** in any manner not authorized by law or the rules and regulations of the Illinois Department, *** is guilty of a violation of this Article and shall be punished as provided in Section 8A—6." (Ill. Rev. Stat. 1983, ch. 23, par.

8A—4.)

Under section 8A—6 of the Illinois Public Aid Code, a person is guilty of a Class 4 felony when,

> "the total amount of money involved in the violation, including the monetary value of federal food stamps, is $150 or more but less than $1,000." (Ill. Rev. Stat. 1983, ch. 23, par. 8A—6(a)(2).)

The accumulation clause states:

> "For purposes of determining the classification of offense under this section, all of the money received as a result of the unlawful act, practice or course of conduct can be accumulated." (Ill. Rev. Stat. 1983, ch. 23, par. 8A—6(c).)

The trial court, in granting the defense motion to dismiss the indictment, ruled that the accumulation clause in the statute permits accumulation only of money received and not the monetary value of the food stamps. The trial judge rejected the appellant's argument that the term "money" as used in the accumulation provision derives its meaning from the classification of violations section wherein the total amount of money involved in the transaction includes the monetary value of the food stamps. The trial judge was correct.

The accumulation clause is clear, succinct and unambiguous. It is incapable of misconstruction or misinterpretation. It allows accumulation only of money.

The trial court further found that the defendant's actions were not part of the same unlawful act, practice or course of conduct. We further agree. The accumulation provision is directed against those individuals who premeditatively pursue an unlawful act, practice or course of conduct over time. As the trial judge noted, this is not the circumstance in this case. The police here initiated the transactions and kept the matter going. What was a course of conduct for the police were isolated transactions for the defendant. Instead of arresting the defendant after the first violation, the police officer sold the defendant food stamps on two other occasions in an attempt, presumably, to either avoid an entrapment defense and/or to amass a high enough value to secure what the prosecution hoped would be a felony violation. To condone such a prosecution and such an accumulation would be to invert any reasonable interpretation of the criminal law.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.